## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **T.M., as Next Friend of Minor Child,** | ) | |
| **R.M., individually and on behalf of all** | ) | |
| **others similarly situated,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 12-CV-01295-JPG-DGW** |
| | ) | |
| **VIACOM, INC.** | ) | |
| **Serve at:** | ) | |
| **1515 Broadway** | ) | **JURY TRIAL DEMANDED** |
| **New York, New York 10036** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **GOOGLE, INC.** | ) | |
| **Serve at:** | ) | |
| **1600 Amphitheatre Parkway** | ) | |
| **Mountain View, CA 94043** | ) | |

### FIRST CONSOLIDATED CLASS ACTION COMPLAINT

COMES NOW Plaintiff R.M., by and through her Next Friend, T.M., on behalf of herself and all others similarly situated, by and through undersigned counsel, and upon knowledge as to herself and otherwise upon information and belief alleges as follows:

### NATURE OF THE CASE

1. Plaintiff R.M., a minor child, brings this class-action lawsuit individually and on behalf of all other similarly situated minor children under the age of 13 and their guardians to enforce the privacy rights of minor children under the age of 13 on the Internet. Defendants Viacom and Google, through the conduct described hereinafter, violated those rights.

2. Defendant Viacom operates the websites www.nick.com, www.nickjr.com, and www.neopets.com.

3. Plaintiff and the putative class are children under the age of 13 who visited the Viacom websites www.nick.com, www.nickjr.com, and www.neopets.com, whose privacy rights Defendants violated by way of unauthorized tracking of their Internet communications and video viewing habits via cookies placed on their computers at those websites.

4. Upon obtaining information on Plaintiff's communications and web activities, the Defendants conspired to use and profit from said information for targeted marketing directed at the plaintiff and the individual class members over the Internet.

5. As set forth below, Plaintiff and others similarly situated, suffered invasions of privacy in direct violation of federal law, when Viacom and Google developed, implemented, and profited from cookies designed to track the Internet communications and video viewing habits of minor children under the age of 13.

6. The Defendants' willful and knowing actions violated 18 U.S.C. § 2710 (Video Privacy Protection Act), 18 U.S.C. § 2510, et seq. (Wiretap Act), and 720 ILCS 5/14-1 et seq. (Illinois Eavesdropping Act).  In addition, the Defendants' conduct gives rise to the tort of intrusion upon seclusion and a claim for unjust enrichment.

## **PARTIES**

7. Plaintiff R.M. is a minor child under the age of 13 who is a citizen of the state of Illinois residing in Madison County, Illinois, and who is a registered user of the websites www.nick.com, www.nickjr.com, and www.neopets.com.

8. Plaintiff created a profile on the websites www.nick.com, www.nickjr.com, and www.neopets.com.

9. Plaintiff also has requested and obtained video materials on the websites www.nick.com, www.nickjr.com, and www.neopets.com.

10. Defendant Viacom, Incorporated is a publicly traded Delaware corporation which does business in the State of Illinois, the United States and throughout the world.  Defendant Viacom is a citizen of Delaware and New York, having its principal place of business in the state of New York.

11. Defendant Google, Incorporated is a publicly traded Delaware corporation which does business in the State of Illinois, the United States and throughout the world.  Defendant Google is a citizen of Delaware and California, having its principal place of business in the state of California.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action and all the defendants pursuant to 28 U.S.C. § 1331 in that this action arises under statutes of the United States, specifically violations of 18 U.S.C. § 2710 (Video Privacy Protection Act) and 18 U.S.C. § 2510, et seq. (Wiretap Act).  Additionally, this Court has general and specific jurisdiction over Defendants because Defendants have sufficient minimum contacts within the State of Illinois and within the Southern District of Illinois such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice.  Specifically, the Defendants have voluntarily submitted themselves to the jurisdiction of this Court and jurisdiction is proper because, among other things:

   a.   All Defendants directly and purposefully obtained, misappropriated and used information relating to wire or electronic communications of individuals living in Illinois, including the Plaintiff and the individual Class members;

   b.   All Defendants committed tortious acts within the state of Illinois by misappropriating personal information, including but not limited to video viewing

habits, and/or wire or electronic communications of citizens of Illinois and otherwise violating the Video Privacy Protection Act and Wiretap Act;

c.    Plaintiff's and the class members' causes of action directly arise from the Defendant's commission of tortious and unlawful acts in Illinois;

d.    Plaintiff's and the class members' causes of action directly arise from the Defendants' transaction of business in Illinois;

e.    By virtue of their activities in Illinois, the Defendants should reasonably anticipate responding to civil actions filed in Illinois to answer for their unlawful acts, and Illinois has a strong interest in providing a forum for its residents aggrieved by violations of federal law.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this cause of action occurred in the Southern District of Illinois.

## GENERAL ALLEGATIONS

14. Plaintiff is a registered user of the Viacom websites www.nick.com, www.nickjr.com, and www.neopets.com.

15. Plaintiff is a minor child under the age of 13.

16. Nick.com is a website with a target audience of children.

17. NickJr.com is a website with a target audience of children.

18. Neopets.com is a website with a target audience of children.

19. Upon Plaintiff's visits to www.nick.com, www.nickjr.com, and www.neopets.com, Defendant Viacom placed Internet "cookies" on Plaintiff's computer which tracked Plaintiff's communications both to the website visited and other websites on the Internet.

20. Upon Plaintiff's visits to www.nick.com, www.nickjr.com, and www.neopets.com, Defendant Google placed Internet "cookies" on Plaintiff's computer which tracked Plaintiff's communications both to the website visited and other websites on the Internet.

21. Immediately upon Plaintiff visiting www.nick.com, www.nickjr.com, and www.neopets.com, Google.com placed a doubleclick.net cookie named "id" on Plaintiff's computer.

22. Google Inc., through its relationship with Viacom, uses the "id" cookie to track the electronic communications of Plaintiff, including but not limited to websites visited by Plaintiff.

23. Additionally, Viacom knowingly permits Google to use the "id" cookie to track video materials requested and obtained from www.nick.com, www.nickjr.com, and www.neopets.com by Plaintiff.

24. Google Inc., through its relationship with Viacom, uses the "id" cookie to track video materials requested and obtained from nick.com, nickjr.com, and neopets.com by Plaintiff.

25. Javascript code is used to place the "id" cookie, which provides Google access to all information obtained through the first-party cookies placed by Defendant Viacom on Plaintiff's and the putative class members' computers.

26. Defendant Google's website informs potential ad buyers that it can identify web users with Google's doubleclick.net cookies: "For itself, Google identifies users with cookies that belong to the doubleclick.net domain under which Google serves ads. For buyers, Google identifies users using a buyer-specific Google User ID which is an obfuscated

version of the doubleclick.net cookie, derived from but not equal to that cookie." Current at https://developers.google.com/ad-exchange/rtb/cookie-guide as of September 28, 2012.

27. Defendant Viacom allowed visitors of www.nick.com to create user accounts via a "Join the Club" link on the site's homepage.

28. Defendant Viacom's form for the creation of a user account included a question asking users for their birthdate.

29. As a result, Defendant Viacom knows the age of its users who have accounts at www.nick.com, and specifically knows which of its users are under the age of 13.

30. After a user creates an account, Defendant Viacom creates a unique identifier through the user's chosen "Nickname/Display Name" of between 3 to 10 characters.

31. After receiving an application from a user who is a minor under the age of 13, Defendant Viacom does not attempt to gain permission or otherwise inform the parent or guardian of the minor under the age of 13 that the minor under the age of 13 has created an account.

32. Defendant Google's cookies include code described in ¶25 which allow it to determine the age of users logged-in to www.nick.com.

33. Defendant Viacom knowingly permits Google to place its doubleclick.net "id" cookie on the computer of minor children under the age of 13 even after those children have informed Defendant Viacom through the sign-up process that they were minors under the age of 13.

34. The doubleclick.net "id" cookie remains on the computers of minor children under the age of 13 even after those children have informed Defendant Viacom through the sign-up process that they were minors under the age of 13.

35. Defendant Google uses its doubleclick.net "id" cookie to, among other things:

     a.   Keep records of Plaintiff's Internet communications and use;

     b.   Keep records of the video materials requested and obtained on www.nick.com and www.nickjr.com by Plaintiff;

     c.   Use the records of tracking data it receives regarding Plaintiff to sell targeted advertising to Plaintiff based on her individualized web usage communications, and videos requested and obtained.

36. Defendant Viacom discloses the videos requested and obtained by Plaintiff from the websites www.nick.com and www.nickJr.com by permitting Google to use the doubleclick.net "id" cookie on video pages on those websites.

## CLASS ALLEGATIONS

37. This action is properly brought as a plaintiff class action pursuant to Fed. R. Civ. P. 23(b) (2) and (3). Plaintiff brings this action on behalf of her minor child under the age of 13 and all others similarly situated, as representative of the following class and subclasses:

    U.S. Resident Class: All minor children under the age of 13 in the United States who accessed www.nick.com, www.nickjr.com, or www.neopets.com and on whose computers defendant Viacom and defendant Google placed Internet cookies which tracked their Internet use and communications.

    Video subclass: All minor children under the age of 13 in the United States who accessed www.nick.com or www.nickjr.com and engaged with one or more video materials which defendant Viacom knowingly allowed defendant Google to track by placing Internet cookies on those users' computers.

    Illinois subclass: All minor children under the age of 13 who are citizens of Illinois who accessed www.nick.com, www.nickjr.com, or www.neopets.com and on whose computers defendant Viacom and defendant Google placed Internet cookies which tracked their Internet

use and communications.[1]

38. Plaintiff R.M. meets the requirements of the U.S. Class, the Video Subclass, and the Illinois Subclass.

39. The particular members of these classes and subclasses are capable of being described without difficult managerial or administrative problems. The members of the classes and subclasses are readily identifiable from the information and records in the possession or control of the defendants.

40. The Class members are so numerous that individual joinder of all members is impractical. This allegation is based upon information and belief that Defendants intercepted the Internet communications and tracked the video viewing habits of millions of www.nick.com, www.nickjr.com, and www.neopets.com users.

41. There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class, and, in fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the Class are premised upon an unlawful scheme participated in by all defendants. The principal common issues include, but are not limited to, the following:

    a.      The nature and extent of the Defendants' participation in intercepting wire or electronic communications of Class members;

    b.      Whether or not the interception of wire or electronic communications was intentional;

    c.      Whether or not Defendants should be enjoined from intercepting any wire or electronic communications without the consent of its users;

---

[1] Unless otherwise noted, the National Class and the Subclasses are collectively referred to as the "Class".

d.     Whether the actions taken by Defendants in intercepting the wire or electronic communications of class members violate the Wiretap Act;

e.     Whether the actions taken by Defendants in intercepting the wire or electronic communications of class members violate the Illinois Eavesdropping Act;

f.     The nature and extent to which the wire or electronic communications of Class members was unlawfully intercepted, tracked, stored or used;

g.     The nature and extent to which Defendant Viacom disclosed the video material its users requested and obtained to Defendant Google;

h.     The nature and extent to which personally identifiable information, in the form of video materials requested and obtained by Viacom website users, was unlawfully disclosed by Viacom;

i.     Whether the actions taken by Defendant Viacom violate the Video Privacy Protection Act;

j.     Whether the Defendants intruded upon Plaintiff's seclusion;

k.     The nature and extent of all statutory penalties or damages for which the Defendants are liable to the Class members; and

l.     Whether punitive damages are appropriate.

42. Plaintiff's claims are typical of those of the Class and are based on the same legal and factual theories.

43. Plaintiff, by and through her Next Friend, will fairly and adequately represent and protect the interests of the Class. Plaintiff has suffered injury in her own capacity from the practices complained of and is ready, willing and able to serve as class representative. Moreover, Plaintiff's counsel is experienced in handling class actions and actions

involving unlawful commercial practices, including actions involving the invasion of privacy rights on the Internet.  Neither Plaintiff nor her counsel has any interest that might cause them not to vigorously pursue this action.  Plaintiff's interests coincide with, and are not antagonistic to, those of the Class members she seeks to represent.

44. Certification of a class under Fed. R. Civ. P. 23 (b) (2) is appropriate because the Defendants have acted on grounds that apply generally to the Class so that final injunctive relief is appropriate respecting the Class as a whole.

45. Certification of a plaintiff class under Fed. R. Civ. P. 23(b)(3) is appropriate in that Plaintiff and the Class members seek monetary damages, common questions predominate over any individual questions, and a plaintiff class action is superior for the fair and efficient adjudication of this controversy.  A plaintiff class action will cause an orderly and expeditious administration of the Class members' claims and economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured. Moreover, the individual Class members are unlikely to be aware of their rights and not in a position (either through experience or financially) to commence individual litigation against these defendants.

46. Alternatively, certification of a plaintiff class under Fed. R. Civ. P. 23(b)(1) is appropriate in that inconsistent or varying adjudications with respect to individual members of the Class would establish incompatible standards of conduct for Defendants or adjudications with respect to individual members of the Class as a practical matter would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

## COUNT I – VIOLATION OF THE WIRETAP ACT

**(Plaintiff v. Defendant Viacom, Inc. and Defendant Google, Inc.)**

47. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

48. As described herein, Defendants intentionally intercepted and collected the electronic communications of minor children under the age of 13 who were users of www.nick.com, www.nickjr.com, and/or www.neopets.com through the use of a device.

49. The Defendants placed cookies on Plaintiff's and the Class' computers which were designed to track and record Plaintiff's and the Class' web usage and communications, including, but not limited to their browsing histories.

    a. Defendant Google placed the doubleclick.net "id" cookie on Plaintiff's and the Class' computers before each individual user created an account or logged-in to the respective websites with target audiences of children.

    b. Defendant Google's doubleclick.net "id" cookie remained on Plaintiff's and the Class' computers after individual users who were minor children under the age of 13 created an account or logged-in and informed Defendant Viacom that they were minor children under the age of 13.

    c. Defendant Google's doubleclick.net "id" cookie is capable of determining each individual user's response to Defendant Viacom's "birthdate" question in the form necessary to create a user account and collects information about the user's age via code.

50. The Google doubleclick.net "id" cookie tracked and recorded the web usage and communications of Plaintiff and the Class simultaneous to, and, in some cases, before Plaintiff's and the Class' communications with third-parties were consummated such that

the tracking and recording was contemporaneous with Plaintiff's and the Class' communications and while the communications were in-transit.

51. The transmission of data between plaintiff's computer or other devices and the Internet are "electronic communications" within the meaning of 18 U.S.C. § 2510(12).

52. The following constitute "devices" within the meaning of 18 U.S.C. §2510(5):

    d. Each individual cookie the Defendants used to track Plaintiff's and the Class' communications;

    e. Plaintiff's and the Class' browsers which the Defendants used to place and extract data from the individual cookies;

    f. Plaintiff's and the Class' computers;

    g. The Defendants' web servers; and

    h. The plan or scheme the Defendants carried out to effect their purpose of tracking the electronic communications of minor children.

53. Plaintiff, a minor child under the age of 13, did not, and, as a matter of law, could not have consented to the tracking of her web usage and communications.

54. Plaintiff's legal guardians did not consent to the tracking of her web usage and communications.

55. Neither Defendant Viacom nor Defendant Google attempted to obtain the permission of the parents or guardians of Plaintiff or other minor children under the age of 13 whose electronic communications were tracked via cookies.

56. Defendant Viacom, as a matter of law, could not have consented to the tracking of the web usage and communications of minor children under the age of 13 using their websites.

57. Defendant Viacom and Defendant Google's actions were done for the tortious purpose of intruding upon the plaintiff's seclusion as set forth in Count III of this Complaint.

58. As a direct and proximate result of such unlawful conduct, Defendants violated 18 U.S.C. § 2511 in that Defendants:

   a. Intentionally intercepted, endeavored to intercept, or procured another person to intercept wire and/or electronic communications of Plaintiff and the Class;

   b. Upon belief predicated upon further discovery, intentionally disclosed or endeavored to disclose to another person the contents of Plaintiff's and the Class' wire or electronic communications, knowing or having reason to know that the information was obtained through the interception of wire or electronic communications in violation of 18 U.S.C. §2511(1)(a); and

   c. Upon belief predicated upon further discovery, intentionally used or endeavored to use the contents of Plaintiff's and the Class' wire or electronic communications, knowing or having reason to know that the information through the interception of wire or electronic communications in violation of 18 U.S.C. §2511(1)(a).

59. As a result of the above violations and pursuant to 18 U.S.C. § 2520, Defendants are liable to Plaintiff and the Class in the sum of statutory damages consisting of the greater of $100 for each day each of the Class members' data was wrongfully obtained or $10,000 per violation, whichever is greater; injunctive and declaratory relief; punitive damages in an amount to be determined by a jury, but sufficient to prevent the same or similar conduct by the Defendants in the future, and a reasonable attorney's fee and other reasonable litigation costs.

## COUNT II – VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT

### (Plaintiff v. Defendant Viacom, Inc.)

60. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

61. The Video Privacy Protection Act, 18 U.S.C. §2710, referred to as the "VPPA," regulates disclosure of records concerning the rental, sale or delivery of prerecorded video cassette tapes or similar audiovisual materials.

62. The VPPA makes it unlawful for a video service provider to "knowingly disclose[], to any person, personally identifiable information concerning any consumer of such provider."

    a. As defined in 18 U.S.C. §2710(a)(3), "personally identifiable information" is that which "identifies a person as having requested or obtained specific video materials or services from a video tape service provider."

    b. As defined in 18 U.S.C. §2710(a)(4), a "video tape service provider" is "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale or delivery of prerecorded video cassette tapes or similar audiovisual materials."

63. Defendant Viacom is a "video tape service provider" within the meaning of 18 U.S.C. §2710(a)(4) because it is a person engaged in the business of the delivery of prerecorded video cassette tapes or similar audio visual materials as defined by the VPPA, in that:

    a. The home page of www.nick.com advertises it as the place to watch "2000+ FREE ONLINE VIDEOS." The home page prominently features a rotating section offering users the opportunity to click and watch various videos. In addition, two of the first three links in the top bar on the Nick.com homepage

refer to audio-visual materials. See www.nick.com as of September 28, 2012.

b.   The home page of www.nickjr.com advertises it as a place to watch the following children's shows: Dora the Explorer, Bubble Guppies, UmiZoomi, FreshBeat Band, Diego, Max & Ruby, Mike the Knight, and more. Immediately upon visiting NickJr.com, the page loads videos which play in the upper right hand portion of the home-page.

64. Defendant Viacom violated the VPPA by knowingly disclosing Plaintiff's' personally identifiable information to Defendant Google by allowing Google to place its doubleclick.net "id" cookie on Plaintiff's computer when said cookie included code which provided Google with access to information about Plaintiff obtained through the first-party cookies placed by Defendant Viacom on Plaintiff's computer; through the use of the first party cookie and its own "id" cookie, Defendant Google was able to obtain information including the videos requested, obtained, and watched by plaintiff on Viacom's websites nick.com and nickjr.com.

65. As a result of the above violations and pursuant to 18 U.S.C. §2710, Defendants are liable to Plaintiff and the Class for "liquidated damages" of not less than $2,500 per plaintiff; reasonable attorney's fees and other litigation costs; injunctive and declaratory relief; and punitive damages in an amount to be determined by a jury, but sufficient to prevent the same or similar conduct by the Defendants in the future.

## COUNT III – INTRUSION UPON SECLUSION

### (Plaintiff v. Defendant Viacom, Inc. and Defendant Google, Inc.)

66. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

67. In tracking the electronic communications and video materials requested and obtained of

minor children under the age of 13 without the consent of the children or their legal guardians, the Defendants intentionally intruded upon Plaintiff's solitude or seclusion in that they took information from the privacy of the homes, and in some cases, bedrooms, of minor children under the age of 13 without even an attempt to gain permission from the parents or guardians of said minor children.

68. Plaintiff, a minor child under the age of 13, did not, and, by law, could not have consented to the Defendants' intrusion.

69. The Defendants' intentional intrusion on solitude or seclusion of the Plaintiff and the Class, minor children under the age of 13, would be highly offensive to a reasonable person.

## COUNT IV – UNJUST ENRICHMENT

### (Plaintiff v. Defendant Viacom, Inc. and Defendant Google, Inc.)

70. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

71. Plaintiff conferred a benefit on Defendants without Plaintiff's consent or the consent of her parents or guardians, namely access to wire or electronic communications over the Internet.

72. Upon information and belief, Defendants realized such benefits through either sales to third-parties or greater knowledge of its own users' behavior without their consent.

73. Acceptance and retention of such benefit without Plaintiff's consent is unjust and inequitable.

## COUNT V – VIOLATION OF THE ILLINOIS EAVESDROPPING ACT

### (Plaintiff v. Defendant Viacom, Inc. and Defendant Google, Inc.)

74. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth above.

75. As described herein, Defendants intentionally intercepted, endeavored to intercept, or procured another person to intercept wire and/or electronic communications of Plaintiff and the Illinois Subclass, who are Illinois citizens.

76. As described herein, Defendants possess an electronic device knowing that or having reason to know that the design of the device renders it primarily useful for the purpose of the surreptitious interception of electronic communications and the intended or actual use of the device is contrary to the provisions of the Illinois Eavesdropping Act, 720 ICLS 5/14-1 et seq. (the "Illinois Act").

77. As described herein, Defendants intentionally used or divulged information it knew or reasonably should have known was obtained through the use of an eavesdropping device.

78. The transmission of data between Plaintiff's and the Illinois Subclass' computers or other devices and the Internet are "electronic communications" within the meaning of 720 ILCS 5/14-1(e) because: (a) they consist of a transfer of signs, signals, writing, images, sounds, data, or intelligence transmitted in whole or in part by a wire, radio, pager, computer, electromagnetic, photo electronic or photo optical system; (b) the sending and receiving parties intend the electronic communication to be private; and (c) the interception of the electronic communication is accomplished by a device in a surreptitious manner contrary to the provisions of the Illinois Act.

79.  Defendants used an "eavesdropping device" within the meaning of 720 ILCS 5/14-1(a)

because it used a device capable of intercepting electronic communications that was not

for the purpose of restoration of the deaf or hard-of-hearing to normal or partial hearing.

80. Defendants intercepted the content of Plaintiff's and the Illinois Subclass' electronic

communications simultaneous to, and, in some cases, before Plaintiff's and the Illinois

Subclass' communications with third-parties were consummated such that the tracking

and recording was contemporaneous with Plaintiff's and the Illinois Subclass'

communications and while the communications were in-transit.

81. Plaintiff, a child under the age of 13, did not consent and, as a matter of law, could not

have consented to the interception of her electronic communications.

82. Defendants did not attempt to obtain the permission of the parents or guardians of

Plaintiff and members of the Illinois Subclass, whose electronic communications were

intercepted.

83. As a direct and proximate result of such conduct, Defendants violated 720 ILCS 5/14-2 in

that they:

    a.  knowingly and intentionally intercepted Plaintiff's and the Illinois Subclass'

        electronic communications without the consent of Plaintiff and the Illinois

        Subclass in violation of 720 ILCS 5/14-2(1);

    b.  possess an electronic device knowing that or having reason to know that the

        design of the device renders it primarily useful for the purpose of the surreptitious

        interception of electronic communications and the intended or actual use of the

        device is contrary to the provisions of the Illinois Act, in violation of 720 ILCS

        5/14-2(2); and

    c.  used or divulged information they knew or reasonably should have known was

obtained through the use of an eavesdropping device in violation of 720 ILCS 5/14-2(3).

84. As a result of the above violations and pursuant to 720 ILCS 5/14-6, Plaintiff and the Illinois Subclass are entitled to:

    a.  injunctive and declaratory relief;

    b.  actual damages in an amount to be proved at trial; and

    c.  punitive damages in an amount to be determined by a jury, but sufficient to prevent the same or similar conduct by Defendants in the future.

## **PRAYER FOR DAMAGES**

**WHEREFORE,** Plaintiff, on behalf of herself and all members of the Class respectfully prays for judgment against the Defendants as follows:

    a.  For an order certifying that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(2) and (3) or, in the alternative, Fed. R. Civ. P. 23(b)(1) and appointing Plaintiff and her counsel, to represent the Class and directing that reasonable notice of this action be given to all other members of the Class as necessary and appropriate;

    b.  For a declaration that the Defendants' actions violated 18 U.S.C. § 2710;

    c.  For a declaration that the Defendants' actions violated 18 U.S.C. §2510 *et seq.*;

    d.  For a declaration that the Defendants' actions violated 720 ILCS 5/14-1 *et seq.*;

    e.  For a declaration the Defendants unlawfully intruded upon the seclusion of the plaintiff, a minor child under the age of 13;

    f.  For a declaration that the Defendants, through their actions and misconduct as alleged above, have been unjustly enriched and an order that Defendants disgorge such

unlawful gains and proceeds;

g. For all actual damages, statutory damages, penalties, and remedies available for the Defendants' violations of the Video Privacy Protection Act, 18 U.S.C. § 2710, the Wiretap Act, 18 U.S.C. §2510 *et seq*., and the Illinois Eavesdropping Act, 720 ILCS 5/14-1 *et seq.*;

h. That judgment be entered against Defendants for statutory damages pursuant to 18 U.S.C. §2520(b)(2);

i. For all actual, statutory and liquidated damages, penalties, and remedies available for the Defendant Viacom's violations of the Video Privacy Protection Act, 18 U.S.C. §2710;

j. That Plaintiff and the Class recover pre-judgment and post-judgment interest as permitted by law;

k. For an award to Plaintiff and the Class of their reasonable attorneys fees and other litigation costs reasonably incurred pursuant to 18 U.S.C. 2520(b)(3);

l. That the court enter an order granting Plaintiff and the Class a preliminary and permanent injunction restraining and enjoining Defendant from any act to intercept electronic information from their users when they are not logged-in and from disclosing any of the information already acquired on its servers;

m. That the Court grant such other and further relief as may be just and proper;

## **JURY DEMAND**

Plaintiff demands that all issues so triable in this Complaint be tried to a jury.

Dated this 21st day of December, 2012.

RESPECTFULLY SUBMITTED,

GOLDENBERG HELLER ANTOGNOLI &
ROWLAND, P.C.

By: /s/ Thomas P. Rosenfeld
Thomas P. Rosenfeld # 06301406
Mark C. Goldenberg #00990221
Kevin P. Green #06299905
2227 South State Route 157
Edwardsville, IL 62025
618-656-5150
618-656-6230 (fax)
tom@ghalaw.com
mark@ghalaw.com
kevin@ghalaw.com